# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DANIEL F. HERRERA,
          Appellant,

     v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
DE-0752-15-0053-I-1

DATE: September 16, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Daniel F. Herrera</u>, Santa Fe, New Mexico, pro se.

<u>Dynelle M. Tadlock</u>, Esquire, Denver, Colorado, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision that sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address the appellant's claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), we AFFIRM the initial decision.

## BACKGROUND

On October 27, 2014, the appellant filed an appeal of the agency's decision to remove him from Federal service, effective October 11, 2014, based on the charge, "Continued failure to report for duty as scheduled: failure to follow absence notification procedures: failure to follow instructions." Initial Appeal File (IAF), Tab 1. He raised affirmative defenses of harmful procedural error, relating to his completion of a detoxification program, and discrimination based on disabilities (alcoholism, post-traumatic stress disorder (PTSD), and head injury). *Id*. In addition, he asserted a claim of "VEOA – Veterans Preference," which the administrative judge construed as an affirmative defense under 5 U.S.C. § 7701(c)(1)(C). *Id*.; IAF, Tab 13. The administrative judge split the agency's charge into separate charges of (1) absence without leave (AWOL), and (2) failure to follow instructions, and notified the appellant of the standards and burdens of proof applicable to his affirmative defenses. IAF, Tab 13.

Because the appellant did not request a hearing, the administrative judge issued a decision based on the written record. IAF, Tab 21, Initial Decision. The administrative judge sustained the AWOL charge, but did not sustain the failure

to follow instructions charge. *Id*. He further found that the appellant failed to establish his affirmative defenses and that the agency met its burden of proof as to nexus and the reasonableness of the penalty. *Id*. Accordingly, the administrative judge sustained the removal action. *Id*.

¶4    This petition for review followed. Petition for Review (PFR) File, Tab 1. In his petition, the appellant did not contest the administrative judge's findings concerning the AWOL charge or the affirmative defenses that were raised below. *Id.* He instead argued, for the first time on review, that the agency gave disparate treatment to veterans and failed to follow correct procedures in the grievance process. *Id.* The agency filed a response, to which the appellant replied. PFR File, Tabs 3-4.

¶5    Because the appellant's petition appeared to raise a new claim under USERRA, the Board issued an order, dated March 2, 2016, advising the appellant of the applicable standards and burdens of proof, and directing him to provide evidence and argument in support of his claim. PFR File, Tab 5.[2] The deadline for the appellant's response was March 17, 2016. *Id*. The Board attempted to serve the order by certified mail, but the U.S. Postal Service returned the mail as unclaimed. PFR File, Tab 6. On May 23, 2016, the Board issued a second show cause order, served by first-class mail. PFR File, Tabs 8-9. The appellant timely responded to the reissued order. PFR File, Tab 10.[3]

---

[2] Generally, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). However, the Board will adjudicate a USERRA claim even if the appellant raises it for the first time on review. *Henson v. U.S. Postal Service*, 110 M.S.P.R. 624, ¶ 10 n.6 (2009).

[3] We assume without deciding that the appellant has shown good cause for his failure to respond to the March 2, 2016 order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 　　We first address the appellant's claim that the agency discriminated against him based on his military service. Under USERRA, "[a] person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation." 38 U.S.C. § 4311(a). When adjudicating a removal appeal on the merits, the Board will consider a USERRA claim as an affirmative defense on the merits under 5 U.S.C. § 7701(c)(2)(C). *Brown v. U.S. Postal Service*, 106 M.S.P.R. 12, ¶ 19 (2007). An appellant who claims that an agency violated 38 U.S.C. § 4311(a) in taking an adverse employment action bears the initial burden of showing by a preponderance of the evidence that his military service was a "substantial or motivating factor" in the action. *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). If the appellant meets his initial burden, the agency then has the opportunity to show, by a preponderance of the evidence, that it would have taken the action for a valid reason without regard to the employee's military service. *Id*.

¶7 　　An employee's military service is a motivating factor for an adverse employment action if the employer "relied on, took into account, considered, or conditioned its decision" on that service. *Erickson v. U.S. Postal Service*, 571 F.3d 1364, 1368 (Fed. Cir. 2009). The factual question of discriminatory motivation or intent may be proven by either direct or circumstantial evidence. *Sheehan*, 240 F.3d at 1014. Discriminatory motivation under USERRA "may be reasonably inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute

together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses." *Id.* "In determining whether the employee has proven that his protected status or activity was part of the motivation for the agency's conduct, all record evidence may be considered, including the agency's explanation for the actions taken." *Id.*

¶8        In response to the May 23, 2016 order, which directed the appellant to provide evidence and argument that his past military service was a substantial factor in the agency's decision to remove him, the appellant states the following:

> Employer on various occasions when I tried to explain that I had hit my head—and suffered from PTSD, had personal illness and unable to fully recover—that as a veteran this should be taken under consideration. Employer responded that my condition had nothing to do with my military-VA background and that I was an alcoholic.

PFR File, Tab 10. Thus, it appears the appellant is arguing that the agency discriminated against him based on medical conditions resulting from his military service. However, an appellant's claim that he was discriminated against based on an injury or disability sustained while performing military service is not a cognizable USERRA claim. *Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 22 (2013). Therefore, we find the appellant has not shown that his removal was in violation of USERRA.

¶9        The appellant also argues for the first time on review that the agency failed to follow correct procedures in the grievance process. PFR File, Tab 1. Generally, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has submitted various documents relating to his grievance, but these documents predate the close of the record below, and he has not alleged that they previously were

unavailable. Consequently, his new argument does not provide a basis for further review.

¶10    The appellant does not contest the administrative judge's findings concerning the AWOL charge or the affirmative defenses that were raised below, and we discern no basis to disturb these findings. PFR File, Tab 1. We therefore deny the appellant's petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:              _____
                           Jennifer Everling
                           Acting Clerk of the Board

Washington, D.C.